<hr/>

## CONLY v. FRIEDMAN.

STATUTE OF FRAUDS—CHANGE OF POSSESSION.

A purchaser of goods obtained possession thereof, put them in a room over which the vendor had no control, locked them up, took the key away, leaving a notice on the door that the goods were his. *Held*, that his possession satisfied the requirements of the statute of frauds.

*Appeal from the County Court of Arapahoe County.*

Mr. JOHN T. BOTTOM, for appellant.

Mr. ALFRED MULLER, for appellee.

BISSELL, J., delivered the opinion of the court.

Friedman & Co. were wholesale liquor dealers in the city of Denver, and had an account against John Sauve, who ran a bar in the Windsor Hotel. Sauve became embarrassed and unable to pay his bills, whereupon Friedman & Co. commenced a suit by attachment to recover their debt, which amounted to some $263. A levy was made, and personal

property, consisting of whiskies, wines, cigars and mineral waters, were taken by the constable. After the levy Friedman and Sauve negotiated for the adjustment of the debt. It was agreed between them that Sauve should turn over to Friedman in liquidation of the claim some of the goods which had been seized. These were to be taken in payment of the bill. The arrangement was acceded to, the goods were turned over to Friedman, who receipted the account to Sauve. The goods were not turned over to the firm of Friedman & Co., but to Aaron Friedman, who agreed to take care of the indebtedness with the firm. In other words, under the circumstances, Friedman became the purchaser of the goods from Sauve under an agreement to liquidate the firm account as a consideration for the transfer. The arrangement was completely executed in all of its particulars, for the goods were delivered to Friedman. Sauve's bill was receipted; he was credited on the firm books with the amount of the debt, and Friedman was personally charged as a member of the firm with its amount. The attachment was released, the suit dismissed, and the parties virtually stood in the relation of vendor and vendee of the goods. When the transaction was completed, Friedman took the goods and put them in an unoccupied room in the basement of the hotel and locked them up. The door was locked by a hasp and staple and a padlock. Friedman carried away the key, and from that time forward no other person had access to the room. Friedman put on the door a notice that the goods therein stored were his property. He informed the manager of the Windsor Hotel of what he had done with reference to the occupancy of the room, which was in the basement of the house, and the manager agreed, so far as was necessary, to hold the goods for Friedman, and consented to their storage. Some little argument is built up on the contention that this room was only accessible through the saloon, and therefore was of necessity to be considered a part of it. Evidence was offered tending to show a resale of some of these goods by Friedman to Sauve for use in the business. Afterwards

other creditors commenced suit by attachment, the hotel attempted to seize the portable personal property to pay the rent, and the present appellant, who was an officer with a writ of attachment, forced the fastenings on the door, and seized the goods which had been sold to Friedman. A return was demanded, and on the refusal suit in replevin was brought, but the officer or his clients gave a forthcoming bond and retained possession. Proof was offered concerning the value, and Friedman obtained judgment both in the justice and county court, where the case went by appeal.

The only practical question which is discussed by counsel, or which is involved, respects the possession which Friedman took of the property. By a long series of adjudications of both the appellate courts of the state, it has been decided that a purchaser of personal property under such circumstances must acquire possession of the goods which he buys, and his possession must be open and notorious as against other persons who have or may acquire rights in or to the same property. The fundamental question always is whether it is clearly disclosed by the testimony that the possession was one which the law will permit the court to consider as satisfactory and valid. This case was tried by the court without a jury, which rendered judgment for the appellee. We therefore have a right to assume as a basis of our own conclusion whatever facts are clearly disclosed by the record, as well as the necessary inferences therefrom which the court below had a right to draw for the purpose of rendering the judgment which it did. Friedman's possession seems to us to have been very clearly and satisfactorily established. On a sufficient and valuable consideration the goods were turned over to him upon his undertaking to satisfy the claim of his firm against Sauve for the amount of the debt which he owed. Every necessary thing was done by Friedman to carry out in good faith his part of the agreement. The goods were delivered to him; he took actual possession of them, and did not leave them either in Sauve's place or under his control or direction. By the consent of the manager of the house,

they were stored in one of the basement rooms of the hotel, and were locked up and the key carried by Friedman. It was not shown that Sauve had any control whatsoever of this place, or that it was a part or parcel of the premises which he occupied. If it had been, possession of it was surrendered by Sauve, and by the consent of the person who had a right to dispose of its occupancy Friedman was given power to use it. When he put the goods in there, locked them up and took the key away, leaving a notice on the door that the goods were his, his possession became absolute, open, notorious and exclusive, within the scope of all the decisions of the state. A similar question was recently considered by this court, and the court, speaking by Judge Reed, held a substantially similar, though possibly less exclusive possession a sufficient compliance with the law. *Buchanan v. Scandia Plow Co., ante,* 34.

The only other proposition to which reference is made by counsel respects the defects found in the affidavit in replevin. We do not regard the affidavit of necessity defective, and if it were the appellant does not seem to be in a condition to avail himself of any defects which may be found in it. Wells on Replevin, sec. 185; Cobbey on Replevin, sec. 728.

We can discover no error in the proceedings which invalidates the judgment, and it will accordingly be affirmed.

*Affirmed.*